IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **GAIL VENEY,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1-07-CV-875 |
| **STARBUCKS CORPORATION,** | : |
| Defendant. | : |

**PLAINTIFF'S OPPOSITION TO DEFENDANT
STARBUCKS CORPORATION'S MOTION TO TRANSFER VENUE**

COMES NOW the Plaintiff, Gail Veney, by and through counsel, and opposes Defendant Starbucks Corporation's Motion to Transfer Venue and as grounds therefore states as follows:

**I.    Introduction**

The present action arises from Defendant Starbucks Corporation serving the Plaintiff, Ms. Veney, a cup of Urnex coffee urn cleaner and the resulting injuries to her tongue, throat and vocal cords. Ms. Veney originally filed her claim in the Superior Court for the District of Columbia, but rather than move to dismiss for lack of jurisdiction, Defendant Starbucks Corporation removed the case to this Court pursuant to the Court's diversity jurisdiction.

Defendant then waived its Rule 12 right to object to the venue chosen by Ms. Veney as improper, but now moves to transfer venue based on convenience pursuant to 28 U.S.C. §1404. Defendant has not met its burden and Plaintiff's chosen venue of the District of Columbia should not be disturbed because, as discussed more fully below, the balancing of the relevant factors favors Plaintiff's chosen venue.[1]

BERMAN, SOBIN
& GROSS, LLP
SUITE 300
481 NORTH FREDERICK AVE.
GAITHERSBURG, MD 20877
(301) 670-7030

---

[1] Initially, counsel Greene for Defendant Starbucks Corporation states in her Certification Pursuant to LCvR 7(m) that she contacted Plaintiff's counsel in an effort to obtain consent to Defendant's Motion to

1

## II.  A Balancing of the Relevant Factors Demonstrates That Ms. Veney's Choice of Venue Should Not Be Disturbed.

The case of *Trout Unlimited v. U.S. Dept. of Agriculture*, 944 F.Supp. 13 (D.C. Cir. 1996) sets forth the factors relevant to determining whether a motion to transfer venue should be granted. First, the moving party, Defendant Starbucks Corporation, bears the burden of establishing that the transfer of this action is proper. *Id.* at 16.

Once the Court determines that the case could have been brought in the forum suggested by the defendant,[2] the inquiry proceeds to the issue of whether the case should be transferred based on the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Id.* Courts also must consider "various other factors", including the private interests of the parties and the public interests of the court. *Id.*

The private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Id.* As Defendant Starbucks Corporation points out, the most critical factor is the convenience of witnesses. *Chung v. Chrysler Corp.*, 903 F.Supp. 160, 164 (D.C. Cir. 1995).

The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Trout* at 16. These factors do not support a transfer to the United States District Court for the Eastern District of Virginia.

---

Transfer Venue. This is false. Plaintiff's counsel never spoke to, or denied consent to this motion to Defense counsel. If consent had been requested, however, it would have been denied.

[2] Plaintiff concedes that the United States District Court for the Eastern District of Virginia would have had jurisdiction to hear the case at bar.

BERMAN, SOBIN
& GROSS, LLP
SUITE 300
481 NORTH FREDERICK AVE.
GAITHERSBURG, MD 20877
(301) 670-7030

The Court must afford deference to the plaintiff's choice of forum, though this deference is mitigated where the plaintiff's choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter." *Chung* at 165. Contrary to Defendant Starbucks Corporation's assertion, the District of Columbia does have meaningful ties to the controversy and particular interest in the parties. First, Ms. Veney has had all of the surgeries her injuries have required in the District of Columbia at George Washington University Hospital, most recently in April of 2007 for another surgery. Ms. Veney has had two surgeries, as a result of this accident, both performed in the District of Columbia. Next, although Ms. Veney is not a resident of the District of Columbia, she does work in the District and spends a substantial amount of time here. Finally, Defendant Starbucks Corporation operates a business that is nearly omnipresent across the District, giving this Court particular interest in the way Defendant Starbucks Corporation conducts its business. Although the incident in question may have occurred in Virginia, this case is not without "meaningful ties" to the District of Columbia and therefore the Plaintiff's choice of venue should be accorded its usual deference and not the mitigated deference suggested by the *Chung* court. *Greater Yellowstone Coalition v. Bosworth*, 180 F.Supp.2d 124, 128-29 (D.C. Cir. 2001) (where this Court held that, despite defendant's protestations to the contrary, there were in fact meaningful ties between the case and the venue selected by the plaintiff, the plaintiff's choice of forum is granted its ordinary deference).

Next, as to the convenience of the parties, for Ms. Veney, who travels to and works in the District every day, the District of Columbia is the more convenient forum for her. As discussed above, Defendant Starbucks Corporation maintains ubiquity throughout the District, and therefore the United States District Court for the Eastern District of Virginia is no more a convenient forum for Defendant than this Court.

BERMAN, SOBIN
& GROSS, LLP
SUITE 300
481 NORTH FREDERICK AVE.
GAITHERSBURG, MD 20877
(301) 670-7030

The convenience of the witnesses, "the most critical factor," also favors Ms. Veney's choice of venue. An "important related factor" to the convenience of the witnesses is the availability of compulsory process to compel the attendance of those witnesses within the 100-mile limit of the subpoena power of this Court. *Chung* at 164. This is because the convenience of the witnesses should only be considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora." All of the witness are available in Ms. Veney's chosen venue of the District of Columbia.

First, it should be noted that liability cannot be seriously contested in this case, as Defendant served Ms. Veney a cup of urn cleaner to drink. Therefore, the key witnesses in this case are physicians, and not fact witnesses as Defendant suggests. The key medical testimony in the case at bar will come from Ms. Veney's surgeon from George Washington University in the District of Columbia, Dr. Steven Bielomowicz. Clearly for Dr. Bielomowicz, the District of Columbia is the more convenient forum. This factor favors Ms. Veney's choice of venue.

In addition, all of the other witnesses proffered by Defendant are subject to this Court's 100-mile subpoena power. Federal Rule 45(b)(2); *see Cook v. Atchison, Topeka & Santa Fe Ry. Co.,* 816 F.Supp. 667 (D.Kan. 1993) (the 100 miles is measured using a straight line on a map). Alexandria, Springfield, Falls Church, and Stafford, Virginia, the residences of Defendant's proffered fact witnesses, are well within the 100 mile limit and could easily be compelled to attend a trial before this Court. Stafford is a mere 43 miles away driving and all the other cities mentioned are far closer. Therefore, this "important related factor" favors Ms. Veney's choice of venue.

As to the ease of access to sources of proof, this too favors the District as the venue. As discussed above, the case at bar will primarily focus on damages, rather than liability. The most important sources of proof on this are Ms. Veney's treating surgeon, Dr. Bielomowicz who is

BERMAN, SOBIN
& GROSS, LLP
SUITE 300
481 NORTH FREDERICK AVE.
GAITHERSBURG, MD 20877
(301) 670-7030

located in the District, and his records, which are also located in the District.

Finally, as to the applicable law, and the local interest in deciding local controversies at home, Defendant's assertion that District of Columbia and Virginia law differ, in terms of product liability cases, is misleading. The focus of the case at bar is not products liability.[3] This case involves strictly common law negligence and concepts of reasonableness that are applicable across this country, to wit: corporations that serve coffee should not serve their guests toxic coffee urn cleaner instead. There is no special knowledge of the law that any court would need to preside over this case, and therefore the Eastern District of Virginia is not favored. In fact, the case at bar is a local controversy for the District, as Ms. Veney works here and Defendant Starbucks Corporation maintains stores all across the District.

The case *Schleier v. Kaiser Foundation Health Plan of the Mid-Atlantic States*, 876 F.2d 174 (D.C. Cir. 1989) is on point. There, the appellate court considered the district court's decision to refuse to transfer venue to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). There, the defendant noted that although the plaintiff worked in the District of Columbia, he (like Ms. Veney) resided in Virginia. *Id.* at 177. In addition, the plaintiff received **all** his medical care in Virginia (unlike Ms. Veney who received her most important medical care and all her surgeries in the District). *Id.* Despite doing business in the

---

[3] The law of the District of Columbia and Virginia are not as divergent as Defendant suggests either. Although Virginia rejects the label "strict liability" its product liability law on the selling of food and beverages is substantively identical to that if the District. *Compare* Virginia Model Jury Instructions Civil 34.090 ("When a person offers food or beverage for sale to the public, he warrants that the food or beverage is free of foreign substances and fit for human consumption" and 34.075 ("The seller has breached the implied warranty that the product is fit for the purposes for which it is ordinarily used of the plaintiff proves by a preponderance of the evidence that the product was unreasonably dangerous either for the use to which it would ordinarily be put or for some other reasonably foreseeable purpose, and that the unreasonably dangerous condition existed when the product left the seller's hands") with Standardized Jury Instructions for the District of Columbia § 23.01 ("A seller of food or beverages is liable if he or she sold a food or beverage that fell below the level of quality reasonably expected by the consumer, and, the lack of reasonably expected quality caused the plaintiff's injuries"). Therefore, the fact that this Court may have to apply the law of Virginia is not significant, and does not favor the transfer of the case at bar to a Virginia court given the similarities in the law and the fact that products liability is not the focus of this case.

BERMAN, SOBIN
& GROSS, LLP
SUITE 300
481 NORTH FREDERICK AVE.
GAITHERSBURG, MD 20877
(301) 670-7030

District of Columbia, the defendant argued, as Defendant Starbucks Corporation does here, "that the convenience of the witnesses and parties, as well as the interests of justice, compelled a transfer of this case to Virginia." *Id.* The Court of Appeals agreed with the district court that transfer was not proper: "As the change of venue was merely from Washington, D.C. to Alexandria, Virginia, no witness or party was to be particularly convenienced by the move." *Id.* The court also found it significant that the law of the District of Columbia would still apply in the Virginia court, but this factor is of little significance in the case at bar, because even though the law of Virginia would apply, that law is not complex and the concepts at issue are not unique to Virginia or D.C. law.

This Court should maintain venue in the District of Columbia because Ms. Veney has demonstrated that she is entitled to deference to her choice of forum, and the Defendant has failed to meet the burden it bears to establish that the Eastern District of Virginia is the **more** convenient forum. At best, the Defendant has demonstrated convenience in the Eastern District of Virginia that is on par with the convenience of proceeding in this Court.

WHEREFORE, the Plaintiff, Gail Veney, respectfully requests that this Honorable Court deny Defendant Starbucks Corporations Motion to Transfer Venue.

Respectfully submitted,

_____
Michael H. Feldman, Esquire
(Bar No. 202762)
Berman, Sobin & Gross, LLP
481 North Frederick Ave. Suite #300
Gaithersburg, Maryland 20877
Tel: (301) 670-7030
Fax: (301) 670-4607

BERMAN, SOBIN
& GROSS, LLP
SUITE 300
481 NORTH FREDERICK AVE.
GAITHERSBURG, MD 20877
(301) 670-7030

6

_____
David Galinis, Esq.
Berman, Sobin & Gross, LLP
481 North Frederick Ave. Suite #300
Gaithersburg, Maryland 20877
Tel: (301) 670-7030
Fax: (301) 670-4607

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2007, a copy of the foregoing Opposition to Defendant Starbucks Corporation's Motion to Transfer Venue was placed in the United States Mail, postage prepaid and addressed as follows

Christopher E. Hassell, Esq.
Angela D. Green, Esq.
1233 20th Street, NW, Suite 800
Washington, DC 20036

_____
Michael H. Feldman, Esquire

BERMAN, SOBIN
& GROSS, LLP
SUITE 300
481 NORTH FREDERICK AVE.
GAITHERSBURG, MD 20877
(301) 670-7030

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

**GAIL VENEY,**                                      :

    Plaintiff,                                    :

    v.                                            : Civil Action No. 1-07-CV-875

**STARBUCKS CORPORATION,**                          :

    Defendant.                                    :

### ORDER

UPON CONSIDERATION of Defendant's Motion to Transfer Venue and Plaintiff's Opposition thereto, it is this _____ day of _____, 2007, hereby

ORDERED that Defendant's Motion to Transfer Venue be and hereby is DENIED.

_____
Judge

cc:

Michael H. Feldman, Esquire
David Galinis, Esq.
Berman, Sobin & Gross, LLP
481 North Frederick Ave.
Suite #300
Gaithersburg, Maryland 20877

Christopher E. Hassell, Esq.
Angela D. Green, Esq.
1233 20th Street, NW, Suite 800
Washington, DC 20036

BERMAN, SOBIN
& GROSS, LLP
SUITE 300
481 NORTH FREDERICK AVE.
GAITHERSBURG, MD 20877
(301) 670-7030